IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-30150
Conference Calendar

ARTHUR THOMPSON,

Petitioner-Appellant,

versus

BURL CAIN, WARDEN,
LOUISIANA STATE PENITENTIARY,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-361-B
--------------------
October 29, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Arthur Thompson, Louisiana prisoner # 127301, appeals the district court's denial of his 28 U.S.C. § 2254 petition as untimely. The district court granted Thompson a certificate of appealability on the issue whether Campbell v. Louisiana, 523 U.S. 392, 401 (1998), announced a new rule of constitutional law that has been made retroactively applicable to cases on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

collateral review.  Thompson argues on appeal that his petition, in which he raised a Campbell claim, was timely filed.

We review the district court's findings of fact for clear error and issues of law de novo.  Evans v. Cockrell, 285 F.3d 370, 374 (5th Cir. 2002).

In Campbell, the Supreme Court held, on direct review from a criminal conviction, that a white defendant possessed standing to object to discrimination against black people in the selection of his grand jury.  Campbell, 523 U.S. at 400.  Although we recently held that Campbell did not announce a new rule of constitutional law, Thompson, a black male, did not have to wait for the decision in Campbell to raise his claim concerning the racial composition of the grand jury.  See Rideau v. Whitley, 237 F.3d 472, 484 (5th Cir. 2000), cert. denied, 533 U.S. 924 (2001); see also Rose v. Mitchell, 443 U.S. 545, 551 (1979)(citing to numerous cases).  Consequently, Thompson did not file his petition for a writ of habeas corpus within the time limits provided in 28 U.S.C. § 2244(d).  Accordingly, the district court's order dismissing his petition as untimely is AFFIRMED. In light of the foregoing, Thompson's request for appointment of counsel is DENIED.

AFFIRMED; MOTION DENIED.